{¶ 37} I agree that defense counsel's failure to object to the affidavits of the victims that the State offered does not rise to the level of ineffective assistance of counsel on the rule of Strickland v.Washington (1984), 466 U.S. 668, 104 S.Ct. 2053, 80 L.Ed.2d 674. Avoiding the alternative of having live testimony by the victims could be a legitimate strategy. And, it is not possible to say that had counsel objected the result of the proceeding would have been different. Id.
 {¶ 38} Nevertheless, I am more troubled than my colleagues about the use of affidavits in this way. State v. Cook (1998), 83 Ohio St.3d 464, instructs us that, because the Rules of Evidence don't apply to sexual predator determinations, or, if they do, the Rules apply only loosely, "reliable hearsay, such as a presentence investigation report, may be relied upon by the trial judge." Id., at p. 425. Unfortunately, other than by example we are given no guidance on how to measure the reliability of hearsay evidence. Obviously, broad discretion is reposed in the trial court to determine whether any particular article of hearsay evidence is reliable.
 {¶ 39} Here, the trial court admitted and apparently relied on affidavit statements
 {¶ 40} to which the two victims had subscribed. The fact that the statements were made under oath supports their accuracy. However, and returning to the example in Cook, their use presents two concerns.
 {¶ 41} First, these are the declarant's own statements, not the recitations of a probation officer who obtained them. That interview process can cull out inconsistencies that an affidavit might easily paper over.
 {¶ 42} Second, a probation report is the court's own internal document, prepared by a court employee. The court properly gives it credence. These affidavits, on the other hand, were apparently prepared by or at the instance of the State, which is one of the two parties to the litigation. Though I cast no aspersions on the State's trustworthiness, the court's reliance on ex parte affidavits creates an appearance of partiality, at least.
 {¶ 43} R.C. 2950.09(B)(3) requires the court to consider a number of facts, and per paragraph (C)(2)(b) of that section the court's determination that a defendant is a sexual predator requires clear and convincing evidence. These requirements, in my view, make reliance on affidavits in order to find the ultimate fact a dubious proposition, and better avoided than employed, at least when a defendant objects to their use.